UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY G. PHILLIPS,<br><br>    Petitioner,<br><br>    v.<br><br>COWLITZ COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. C10-5933RJB/JRC<br><br>ORDER TO SHOW CAUSE |

    The petitioner in this action is seeking a habeas corpus relief from a state conviction. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and (B) and Local Magistrate Judge's Rules MJR 3 and MJR 4.

    Petitioner is challenging financial obligations from a 1995 conviction (ECF No. 1). He alleges he filed a motion in the Superior Court to "terminate financial obligations." (ECF No. 1, page 4). The motion was denied August 17, 2010. It does not appear the denial of his motion in Superior Court was appealed either to the Washington State Court of Appeals or the Washington State Supreme Court.

    A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue, the court must determine

ORDER - 1

whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part: An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the state; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254 (b)(3). To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

The court Orders petitioner to show cause why this petition should not be dismissed for failure to exhaust state remedies. A response is due on or before February 4, 2011. Failure to respond, or failure to show the claim is exhausted will result in a Report and Recommendation that this petition be dismissed prior to service.

The Clerk is directed to mail a copy of this Order to petitioner.

Dated this 4th day of January, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER - 2