UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY G. PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>COWLITZ COUNTY SUPERIOR COURT,<br><br>Respondent. | Case No. C10-5933RJB/JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>March 11, 2011 |

The petitioner filed this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Plaintiff is challenging financial obligations imposed after his criminal trial.  This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrate Judges Rules MJR 3 and MJR 4.

The petition should be dismissed without prejudice because petitioner did not respond to an order to show cause and it appears that the issue in this petition is not exhausted in state court.

FACTS

The Court received this petition November 30, 2010 (ECF No. 1).  Petitioner states that in August of 2010 he filed a motion in Superior Court for Cowlitz County to terminate his legal financial obligations (ECF No. 1, page 3).  There is nothing in the petition to indicate the matter

REPORT AND RECOMMENDATION- 1

was ever appealed to the Washington State Court of Appeals or the Washington State Supreme Court.

This court entered an order to show cause and gave petitioner until February 4, 2011 to show cause why this petition should not be dismissed for failure to exhaust his available state remedies (ECF No. 11).  No response has been received as of February 14, 2011.

The court now recommends this petition be DISMISSED WITHOUT PREJUDICE.  The dismissal is based upon the failure to comply with a court order and his failure to show the issue raised in the petition has been exhausted.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented at every level of appeal. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992).  A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364 (1995).  It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).   This petition does not appear to be exhausted as it was never before either the Washington State Court of Appeals or the Washington State Supreme Court.

CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

Based on the foregoing discussion, the court recommends this petition be DISMISSED WITHOUT PREJUDICE.  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of de novo review by the District Court. See 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 11, 2011, as noted in the caption.

DATED this 14th day of February, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3